**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| DEVONTAE TOTTEN<br><br>Plaintiff,<br><br>v.<br><br>QUALITY COUNTS, INC.,<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against Defendant Quality Counts, Inc. (hereafter "Quality Counts") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

2. Defendant Quality Counts, Inc. is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

3. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality,

accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff Devontae Totten is an adult individual who resides in the State of Texas.

7. Defendant Quality Counts, Inc. is an Alabama corporation doing business throughout the United States, including the State of Texas and in this District, and has a principal place of business located at 2616 8th Street, Tuscaloosa, AL 35401.

## FACTUAL ALLEGATIONS

8. In or around March 2024, Plaintiff applied for employment with Elwood Staffing-Arlington. ("Elwood Staffing").

7. As part of his job application, Plaintiff signed a document purportedly authorizing Elwood Staffing to obtain a consumer report for employment purposes.

9. Elwood Staffing contracts with Quality Counts to supply "consumer reports" as defined by 15 U.S.C. § 1681a(d) for employment purposes.

10. The consumer report supplied by Quality Counts contained information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Elwood Staffing.

11. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's background to third parties (hereafter the "inaccurate information").

12. The inaccurate information includes an inaccurate criminal history labeling the Plaintiff as a convicted felon.

13. Defendant has been reporting inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective employer, both known and unknown.

14. Plaintiff has been denied in employment opportunities, including but not limited to, employment opportunities with Elwood Staffing-Arlington in March 2024. Plaintiff was informed that the basis for the adverse action against him was the inaccurate information that appears on Plaintiff's consumer report with Defendant.

15. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff. Had

Defendant followed such procedures it would not have falsely reported a felony on Plaintiff's consumer report.

16. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

18. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

**COUNT ONE – VIOLATIONS OF THE FCRA**

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

21. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

22. At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

23. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

24. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

25. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages under the FCRA;

(b) Statutory damages under the FCRA;

(c) Punitive damages under the FCRA;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

BY: /s/Martin Woodward

Martin Woodward, Esq.
Kitner Woodward PLLC
13101 Preston Road, Suite 110
Dallas, TX 75240
Telephone: (214) 443-4300

Geoffrey H. Baskerville, Esq.
*(pro hac vice motion forthcoming)*
Francis Mailman Soumilas, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

Dated: March 5, 2026